

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUN 12 P 1:49

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


JAMES WARD MENGES                        CIVIL ACTION

VERSUS                                   NO: 99-2159

CLIFFS DRILLING COMPANY                  SECTION: "R"(3)


## ORDER AND REASONS

Before the Court is defendant's motion *in limine* to exclude from trial evidence of plaintiff's May 20, 1999 lumbar surgery. Alternatively, defendant seeks an adverse instruction to the jury regarding the destruction of the physical evidence--the condition of plaintiff's lower back. For the following reasons, defendant's motion is denied.

### I.    Background

This case arises out of two alleged accidents that occurred while James Ward Menges worked as a floorhand on the drill floor aboard Cliffs Drilling Rig No. 180 on May 5, 1998. Plaintiff contends that he sustained his first injury when he bent over to

DATE OF ENTRY

JUN 1 2 2000

1



remove a cap from a casing and was struck in the lower back by another casing that was being moved by an air hoist. The second incident allegedly occurred later the same day when plaintiff was struck in the back of his neck by a piece of rust that fell from the stabbing board. As a result of these incidents, plaintiff contends that he experienced pain to both the cervical and lumbar regions.

Eighteen days later, on May 23, 1998, plaintiff went to the emergency room at Lake Charles Memorial Hospital, where he underwent an examination and x-rays. Five days later, plaintiff was examined by Dr. Michael Duval, who prescribed physical therapy. On June 14, 1998, plaintiff went to Forrest General Hospital and was examined by Dr. David W. Bomboy. While under Dr. Bomboy's care, plaintiff underwent epidural steroid injections and physical therapy. Subsequently, plaintiff was referred to Dr. Bert Bratton, a neurosurgeon, who performed a decompressive laminotomy/ foraminotomy at L-4-5 (lumbar surgery) on May 20, 1999.

Defendant seeks to exclude evidence of this surgery on the grounds that, under the spoilation of evidence doctrine, plaintiff's failure to advise Cliffs Drilling Company of his election to have surgery resulted in the destruction of evidence. Alternatively, defendant seeks an instruction to the jury regarding the destruction of the physical evidence--the condition of

2

plaintiff's lower back.  Plaintiff opposes this motion, responding that Cliffs Drilling Company was aware of plaintiff's condition and medical treatment long before the May 1999 surgery.  Moreover, plaintiff was under no duty to refrain from surgery prior to undergoing an independent medical examination.  Plaintiff also contends that continuing medical treatment following denial of medical treatment by an employer does not constitute intentional destruction of evidence.

## II.  Discussion

The spoilation of evidence doctrine concerns the intentional destruction of relevant evidence.  *See Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995); *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994).  In the event relevant evidence is spoiled (*i.e.*, intentionally destroyed), the trial court may exercise its discretion to impose sanctions on the responsible party.  *See Vodusek*, 71 F.3d at 156; *Schmid*, 13 F.3d at 78.  The seriousness of the sanctions that a court may impose depends on the consideration of:

> (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future.

*Schmid*, 13 F.3d at 79 (citations omitted).  Consistent with this

3

measure of sanctions, a court may exclude the spoiled evidence or allow the jury to infer that the party spoiled the evidence because the evidence was unfavorable to that party's case. Exclusion of spoiled evidence, however, is a "drastic sanction" that courts generally try to avoid because exclusion would often unnecessarily eviscerate the plaintiff's case, especially when a lesser sanction would sufficiently even the playing field. *See, e.g., Schmid*, 13 F.3d at 79 ("While we do not doubt the inherent authority of a district court to impose such a drastic sanction in an appropriate case, we conclude that this was not such a case."); *American Gulf VII, Inc. v. Otto Candies, Inc.*, 1996 WL 520895, at *2 (E.D. La. 1996) ("[T]o strike the entirety of [the testimony regarding the destroyed evidence] goes too far and would eviscerate plaintiff's case.").

The preferred alternative is "the well-established and long-standing principle of law that a party's intentional destruction of evidence relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction." *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998). *See, e.g., Vodusek*, 71 F.3d at 155; *Schmid*, 13 F.3d at 78; *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Nation-Wide Check Corp. v. Forest Hills Distribs.*, 692 F.2d 214, 217-18 (1st Cir. 1982); *In re Hopson Marine Transp.*,

4

*Inc.*, 168 F.R.D. 560, 567 (E.D. La. 1996). This adverse inference rule "derives from the common sense notion that a party's destruction of evidence which it has reason to believe may be used against it in litigation suggests that the evidence was harmful to the party responsible for its destruction." *Kronisch*, 150 F.3d at 126. Accordingly, to restore the prejudiced party, an adverse inference "plac[es] the risk of an erroneous judgment on the party that wrongfully created the risk." *Id.* (quoting *Nation-Wide Check*, 692 F.2d at 218).

Before a court may exclude spoiled evidence or provide for an adverse inference to arise from the intentional destruction of evidence, "the party having control over the evidence must have had an obligation to preserve it at the time it was destroyed." *Id.* Such a duty "arises when the party has notice that the evidence is relevant to litigation." *Id.* Once a court concludes that a party was obliged to preserve the evidence, it must then consider whether the evidence was intentionally destroyed and the likely contents of that evidence. *See id.* at 127. *See also Caparotta v. Entergy Corp.*, 168 F.3d 754, 756 (5th Cir. 1999) (adverse inference "predicated on bad conduct"); *Vodusek*, 71 F.3d at 156 (requiring intentional and willful conduct); *Anderson v. Production Management Corp.*, 2000 WL 492095, at *4 (E.D. La. Apr. 25, 2000) (no adverse inference absent a showing of bad conduct); *In re Hopson Marine*

*Transp., Inc.*, 168 F.R.D. at 567 (requiring wrongful denial).

Plaintiff's back surgery occurred before there was any litigation between the parties. However, when plaintiff agreed to undergo lumbar surgery, he arguably knew that the condition of his lower back would be pertinent to this litigation. Plaintiff was represented by counsel when he underwent the surgery, and his counsel paid for the surgery. However, even if plaintiff had a duty to notify defendant of the surgery so that he could be examined by an independent medical examiner, breach of this duty does not amount to spoilation of evidence. Defendant has not cited a single case that supports its position that the spoilation doctrine applies on these facts.

Further, plaintiff did not intentionally destroy evidence. Plaintiff gave defendant full access to his medical records, again before the surgery, and defendant therefore had ample opportunity to investigate plaintiff's condition and to require an IME before plaintiff underwent surgery. That defendant chose not to do so negates the notion that plaintiff intentionally destroyed evidence when he underwent surgery. The Court finds, therefore, that there is insufficient evidence that the surgery was a willful destruction of the evidence.

## C.    Unfair Prejudice and Cumulative Evidence

Notwithstanding the foregoing analysis, the Court is mindful

of Federal Rule of Evidence 403's admonition to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Exclusion of relevant evidence pursuant to Rule 403, however, "is an extraordinary measure that should be used sparingly." *Caparotta*, 168 F.3d at 758 (quoting *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1004 (5th Cir. 1998)). While defendant will suffer some prejudice due to the surgery, the Court finds that the prejudice will not be unfair because defendant has access to plaintiff's medical records from the examinations undertaken May 23 and May 28, 1998. Moreover, the Court finds that the evidence of the lumbar surgery is relevant and admissible evidence. *See* Fed. R. Evid. 401, 402.

## III. Conclusion

For the foregoing reasons, defendant's motion *in limine* is denied.

New Orleans, Louisiana, this 12th day of June, 2000.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE